1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEVEN HIGUERET,                                    No. C 11-01681 JF (PR)

            Plaintiff,                          ORDER OF DISMISSAL; DENYING
                                                    MOTIONS TO SHORTEN TIME AS
  v.                                              MOOT

EDMUND G. BROWN, et al.,

           Defendants.
_____/       (Docket Nos. 9 & 10)

      Plaintiff, a California prisoner incarcerated at the High Desert State Prison ("HDSP")

in Susanville, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against San

Quentin State Prison officials.  Plaintiff will be granted leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> in

a separate order.

**DISCUSSION**

A.    <u>28 U.S.C. § 1915A(a) Screening</u>

      A federal court must conduct a preliminary screening in any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.

<u>See</u> 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

1   dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may

2   be granted or seek monetary relief from a defendant who is immune from such relief.  See id.

3   § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

4   Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6   elements: (1) that a right secured by the Constitution or laws of the United States was

7   violated, and (2) that the alleged violation was committed by a person acting under the color

8   of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9   B.   Legal Claims

10      Plaintiff claims that Defendants acted unconstitutionally in their decision to deny him

11  parole for three years in March 2009.  (Compl. at 4-7.)  Plaintiff claims that he was arrested

12  on June 12, 1978, for murder committed during the course of an attempted robbery, for

13  which he received a determinate life sentence ("D.S.L.").  (Id. at 2.)  Plaintiff claims that

14  Defendants"colluded to deny him due process of law, by refusing to consider [him] for parole

15  under the Uniform Sentencing Act (U.S.A.) of 1976, and [Section] 1170 of the Penal Code."

16  (Id. at 4-5.)  Plaintiff also claims that Defendants "placed Plaintiff into an erroneous category

17  of indeterminate sentenced 25-to-life term prisoners" and that "by never hearing Plaintiff

18  under the (U.S.A.) 1976 law Defendants have caused Plaintiff to serve at least 14 more years

19  than both legislative and judicial intent."  (Id. at 6.)  Plaintiff further alleges that Defendants

20  violated ex post facto by unlawfully applying the "'suitability' question" under the

21  indeterminate 25-to-life-sentence to Plaintiff although he was sentenced under the D.S.L.

22  (Id. at 7.)  Plaintiff seeks declaratory judgment to compel California authorities to apply the

23  guidelines under the D.S.L. in considering him for parole, and injunctive relief against the

24  Board of Parole Terms to do the same.  (Compl. at 8-9.)

25      "'Federal law opens two main avenues to relief on complaints related to

26  imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the

27  Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983.  Challenges to

28  the lawfulness of confinement or to particulars affecting its duration are the province of

United States District Court

For the Northern District of California

1   habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v.

2   Close, 540 U.S. 749, 750 (2004)).  "An inmate's challenge to the circumstances of his

3   confinement, however, may be brought under § 1983." Id.

4         Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier

5   release'" from confinement.  Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting

6   Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747

7   (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475,

8   500 (1973).  "Where the prisoner's claim would not 'necessarily spell speedier release,'

9   however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting

10   Wilkinson, 544 U.S. at 82).  As a consequence, challenges to prison conditions have

11   traditionally been cognizable only via § 1983, while challenges implicating the fact or

12   duration of confinement must be brought through a habeas petition.  Docken v. Chase, 393

13   F.3d 1024, 1026 (9th Cir. 2004).  The two remedies are not always mutually exclusive,

14   however.  Id. at 1031.

15         Where an inmate challenges the constitutional validity of the state procedures used to

16   deny parole eligibility or parole suitability, but seeks injunctive relief in the form of an earlier

17   eligibility review or parole hearing rather than earlier release, the claim is cognizable under §

18   1983.  Wilkinson v. Dotson, 544 U.S. 74, 82 (2005).  In Wilkinson, the Court held that

19   prisoners' parole claims seeking a new parole hearing need not be brought in habeas corpus

20   because the relief sought would not necessarily "invalidate the duration of their

21   confinement–either *directly* through an injunction compelling speedier release or *indirectly*

22   through a judicial determination that necessarily implies the unlawfulness of the State's

23   custody." Id. at 79 (finding that the exception to § 1983 coverage for claims at the core of

24   habeas corpus relief in Preiser does not include procedural challenges where relief under §

25   1983 was left available by the Court's subsequent holding in Wolff v. McDonald, 418 U.S.

26   539, 554 (1974)).  See also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997) (if prisoner

27   wins and is entitled to parole eligibility hearing, this does not guarantee parole or necessarily

28

1   shorten his prison sentence).[1]  However, a parole or time credit claim that does affect the

2   legality or duration of a prisoner's custody, and a determination of which may likely result in

3   entitlement to an earlier release, must be brought in habeas.  See Butterfield v. Bail, 120 F.3d

4   1023, 1024 (9th Cir. 1997); Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990), cert.

5   denied, 498 U.S. 1126 (1991); Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989); see

6   also Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (implying that claim, which if

7   successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must

8   be brought in a habeas petition).

9        Here, Plaintiff's parole claims affect the duration of his custody and the determination

10   of the claim may result in entitlement to an earlier release, and therefore must be brought in

11   habeas.  See Butterfield, 120 F.3d at 1024.  Furthermore, although a district court may

12   construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil

13   rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971),

14   the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed

15   without prejudice to bringing it as a petition for writ of habeas corpus.  See Trimble v. City

16   of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Accordingly, this action is DISMISSED

17   without prejudice to Plaintiff's refiling as a petition for habeas corpus pursuant to 28 U.S.C.

18   § 2254.

19

20                                  **CONCLUSION**

21        For the reasons stated above, this action is DISMISSED without prejudice to refiling

22   as a habeas action.  The Clerk shall enclose two copies of the court's form petition with a

23   copy of this order to Plaintiff.

24        In light of this order, Plaintiff's motions to "shorten time" (Docket Nos. 9 & 10) are

25

26   _____

27   [1]But this does not mean that such a claim may not be brought in habeas as well:  "[W]hen
     prison inmates seek only equitable relief in challenging aspects of their parole review that, so
     long as they prevail, *could* potentially affect the duration of their confinement, such relief is
28   available under the federal habeas statute."  Docken, 393 F.3d at 1031 (emphasis in original).
     Habeas and § 1983 are not mutually exclusive in such a case.  Id.

United States District Court

For the Northern District of California

1    DENIED as moot.

2         This order terminates Docket Nos. 9 and 10.

3         IT IS SO ORDERED.

4
     DATED: _____7/29/11_____          _____
5                                                   JEREMY FOGEL
6                                                   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

STEVEN HIGUERET,

            Plaintiff,

   v.

EDMUND G. BROWN, et al.,

            Defendants.

_____/

Case Number: CV11-01681 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on ___8/5/11_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven Higueret C-11535
High Desert State Prison
P.O. Box 3030
A2-133
Susanville, CA 96130

Dated: ___8/5/11_____

                             Richard W. Wieking, Clerk